Below is an order of the court.

_____
TRISH M. BROWN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re ) Case No. _____
)
) **Order,** drafted on: _____,
) **Re: Relief From** (Check all that apply):
)    **Debtor Stay**    **Codebtor Stay**
) **Creditor:** _____
Debtor(s) ) **Codebtor:** _____

The undersigned, _____, whose address is _____
_____, email is _____,
phone number is _____, and any OSB # is _____, presents this order based upon:

☐ The completed stipulation of the parties located at the end of this document.

☐ The oral stipulation of the parties at the hearing held on _____.

☐ The ruling of the court at the hearing held on _____.

☐ Creditor certifies that any default notice required by paragraph 5 of the order re: relief from stay entered on _____ was mailed, and that debtor(s) failed to comply with the conditions of that order. The dates and amounts of missed cure payments and the date of creditor's notice of default are as follows:

☐ Creditor certifies that no response to the motion for relief from stay filed on _____ and served on _____ was filed within the response period plus 3 days.

**IT IS ORDERED** that, except as provided in paragraph 4 below, the stay existing pursuant to 11 U.S.C. § 362(a) remains in effect as to the property described below (hereinafter "the property"):

☐ Personal property described as (e.g., 2001 Ford Taurus):

☐ Real property located at (i.e., street address):

☐ [Optional unless in rem relief granted] Exhibit A attached hereto is the legal description of the property.

**IT IS FURTHER ORDERED** that the stay is subject to the conditions marked below:

☐ 1. **Regular Payment Requirements**.

    ☐ a. Debtor(s) must deliver regular monthly payments in the amount of $_____ commencing _____ to creditor at the following address:

    ☐ b. The chapter 13 trustee must immediately pay and disburse to creditor the amount of $_____ per month from funds paid to the trustee by debtor(s), and continue each month until the plan is confirmed, at which time the plan payment terms will control. Payments made by the trustee under this order are deemed to be payments under the plan for purposes of the trustee's collection of percentage fees.

    ☐ c. Debtor(s) must pay to the trustee any and all payments required to be paid under the terms of the chapter 13 plan.

☐ 2. **Cure Payment Requirements**. Debtor(s) must cure the post-petition default of $_____ consisting of:

(e.g., $_____ in payments and $_____ in late charges for April - June 2018), as follows:

- [ ] a. In equal monthly installments of $_____ each, commencing _____ and continuing thereafter through and including _____.
- [ ] b. By paying the sum of $_____ on or before _____, and the sum of $_____ on or before _____.
- [ ] c. Other (describe):

- [ ] 3. **Insurance Requirement(s)**. Debtor(s) must maintain insurance on the property at all times as required by the security agreement, naming _____ as the loss payee.

    On or before _____ debtor(s) must provide counsel for creditor with proof of insurance.

- [ ] 4. **Stay Relief and Codebtor Stay Relief without Cure Opportunity**.

    - [ ] a. Upon default in the conditions in paragraph(s) _____ creditor may file and serve a certificate of non-compliance specifying the default, together with a proposed order terminating the stay to allow creditor to foreclose on, and obtain possession of, the property to the extent permitted by applicable nonbankruptcy law, which the court may grant without further notice or hearing.

    - [ ] b. The stay is terminated to allow creditor to foreclose on, and obtain possession of, the property to the extent permitted by applicable nonbankruptcy law, provided that a foreclosure sale shall not occur prior to _____.

    - [ ] c. Creditor is granted relief from stay effective _____ to foreclose on, and obtain possession of, the property, to the extent permitted by applicable nonbankruptcy law.

    - [ ] d. Creditor is granted relief from stay to foreclose on, and obtain possession of, the property, to the extent permitted by applicable nonbankruptcy law.

    - [ ] e. If a creditor with a senior lien on the property is granted relief from stay, creditor may file and serve a certificate identifying the senior lienholder and a proposed order terminating the stay, which the court may grant without further notice or hearing.

    - [ ] f. Creditor is granted relief from stay to _____
    _____.

    - [ ] g. Creditor is granted in rem relief from stay with respect to the real property described above and in Exhibit A. This order shall be binding in any other case filed under 11 U.S.C. purporting to affect such real property filed not later than two (2) years after the date of the entry of this order unless the bankruptcy court in the subsequent case grants relief from this order. Any governmental unit that accepts notices of interests or liens in real property must accept a certified copy of this order for indexing and recording.

☐ h. Creditor is granted relief from the codebtor stay, as it applies to the codebtor(s) named in the caption above, to enforce the terms of the contract and collect the deficiency balance.

☐ i. [Chapters 12 and 13 only] All disbursements by the trustee to the creditor pursuant to the plan on account of creditor's secured claim (claim no. _____) against the property must cease. Debtor(s) and creditor have agreed to this modification of the plan, and formal notice of this plan modification is not required because there is no negative effect on any nonconsenting creditor; the undersigned certifies receipt of written confirmation that debtor(s) has no objection to this paragraph.

☐ 5. **Stay Relief with Cure Opportunity**. Upon default in the checked condition(s) in paragraphs 1 - 3, creditor must serve written notice of default on _____ debtor(s) and _____ attorney for debtor(s) that gives debtor(s) _____ calendar days after the mailing of the notice to cure the default. If debtor(s) fails to cure the default in accordance with this paragraph, then creditor shall be entitled to submit a proposed order terminating the stay, which the court may grant without further notice or hearing.

☐ a. The notice of default may require that debtor(s) make any payment that becomes due between the date the notice of default is mailed and before the cure deadline.

☐ b. The notice of default may require debtor(s) to pay $_____ for the fees and costs of sending the notice.

☐ c. Only _____ notices of default and opportunity to cure are required per _____ year (calculated from date of entry of this order), _____ during the remainder of this case, or _____ (describe):

☐ 6. **Amended Proof of Claim**. Creditor must file an amended proof of claim to recover all accrued post-petition attorney fees and costs and (describe):

☐ 7. **Miscellaneous Provisions**.

☐ a. If creditor is granted relief from stay, the 14-day stay provided by FRBP 4001(a) is waived.

☐ b. Any notice that creditor's counsel must give to debtor(s)/codebtor(s), or attorney for debtor(s)/codebtor(s), pursuant to this order will not be construed as a communication under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.

☐ 8. A final hearing on creditor's motion for relief from stay will be held on _____ at _____ in _____.

☐ 9. Other:

720.90 (12/1/2018)                Page 4 of 5

### ###

Presented and certified by:

_____

It is so stipulated.

| Creditor's Attorney: | Debtor(s)'s Attorney: |
|---|---|
| _____ | _____ |
| Name: _____ | Name: _____ |
| OSB#: _____ | OSB#: _____ |

No objection to order by case trustee.    Codebtor's Attorney:

By: _____        _____

Name: _____

OSB #: _____

DOC ID #:

LOT 18, COLUMBIA, IN THE CITY OF TUALATIN, WASHINGTON COUNTY, OREGON.

which currently has the address of
21960 SW COLUMBIA CIR, TUALATIN
[Street/City]
Oregon 97062-9040 ("Property Address"):
[Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.