```
                          United States Bankruptcy Court
                               District of Oregon
In re:                                                         Case No. 18-32159-tmb
Michelle Anne Baron                                            Chapter 7
        Debtor
                           CERTIFICATE OF NOTICE
District/off: 0979-3          User: Admin.              Page 1 of 1          Date Rcvd: Jun 20, 2019
                              Form ID: pdf018           Total Noticed: 1
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 22, 2019.
db            +Michelle Anne Baron,    1701 SE Oak Shore Ln,    Oak Grove, OR 97267-3628

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                          TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 22, 2019                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 20, 2019 at the address(es) listed below:
NONE.                                                                                          TOTAL: 0

Below is an order of the court.

_____
TRISH M. BROWN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| In re | ) | Case No. **18-32159-tmb7** |
|---|---|---|
| **Michelle Anne Baron** | ) | |
| **aka Michelle Anne Bevans** | ) | **Order,** drafted on: **06/18/2019**, |
| | ) | Re: Relief From (Check all that apply): |
| | ) | ☒ **Debtor Stay** ☐ **Codebtor Stay** |
| | ) | Creditor: **U.S. Bank Trust, N.A.*** |
| Debtor(s) | ) | Codebtor: _____ |

The undersigned, **Michael S. Scott**, whose address is **920 SW 3rd Ave, 1st Floor Portland, OR 97204**, email is **mscott@mccarthyholthus.com**, phone number is **971-201-3200**, and any OSB # is **973947**, presents this order based upon:

☐ The completed stipulation of the parties located at the end of this document.

☐ The oral stipulation of the parties at the hearing held on _____.

☐ The ruling of the court at the hearing held on _____.

☐ Creditor certifies that any default notice required by paragraph 5 of the order re: relief from stay entered on _____ was mailed, and that debtor(s) failed to comply with the conditions of that order. The dates and amounts of missed cure payments and the date of creditor's notice of default are as follows:

720.90 (12/1/2018)          Page 1 of 5

☒ Creditor certifies that no response to the motion for relief from stay filed on **05/30/2019** and served on **05/30/2019** was filed within the response period plus 3 days.

**IT IS ORDERED** that, except as provided in paragraph 4 below, the stay existing pursuant to 11 U.S.C. § 362(a) remains in effect as to the property described below (hereinafter "the property"):

☐ Personal property described as (e.g., 2001 Ford Taurus):

☒ Real property located at (i.e., street address):
**32934 Smith Rd, St Helens, OR 97051**

☒ [Optional unless in rem relief granted] Exhibit A attached hereto is the legal description of the property.

**IT IS FURTHER ORDERED** that the stay is subject to the conditions marked below:

☐ 1. **Regular Payment Requirements**.

☐ a. Debtor(s) must deliver regular monthly payments in the amount of $_____ commencing _____ to creditor at the following address:

☐ b. The chapter 13 trustee must immediately pay and disburse to creditor the amount of $_____ per month from funds paid to the trustee by debtor(s), and continue each month until the plan is confirmed, at which time the plan payment terms will control. Payments made by the trustee under this order are deemed to be payments under the plan for purposes of the trustee's collection of percentage fees.

☐ c. Debtor(s) must pay to the trustee any and all payments required to be paid under the terms of the chapter 13 plan.

☐ 2. **Cure Payment Requirements**. Debtor(s) must cure the post-petition default of $_____ consisting of:

(e.g., $_____ in payments and $_____ in late charges for April - June 2018), as follows:

720.90 (12/1/2018)  Page 2 of 5

Case 18-32159-tmb7    Doc 75    Filed 06/22/19

☐ a. In equal monthly installments of $_____ each, commencing _____ and continuing thereafter through and including _____.

☐ b. By paying the sum of $_____ on or before _____, and the sum of $_____ on or before _____.

☐ c. Other (describe):

☐ 3. **Insurance Requirement(s)**. Debtor(s) must maintain insurance on the property at all times as required by the security agreement, naming _____ as the loss payee.

On or before _____ debtor(s) must provide counsel for creditor with proof of insurance.

☒ 4. **Stay Relief and Codebtor Stay Relief without Cure Opportunity**.

☐ a. Upon default in the conditions in paragraph(s) _____ creditor may file and serve a certificate of non-compliance specifying the default, together with a proposed order terminating the stay to allow creditor to foreclose on, and obtain possession of, the property to the extent permitted by applicable nonbankruptcy law, which the court may grant without further notice or hearing.

☐ b. The stay is terminated to allow creditor to foreclose on, and obtain possession of, the property to the extent permitted by applicable nonbankruptcy law, provided that a foreclosure sale shall not occur prior to _____.

☐ c. Creditor is granted relief from stay effective _____ to foreclose on, and obtain possession of, the property, to the extent permitted by applicable nonbankruptcy law.

☒ d. Creditor is granted relief from stay to foreclose on, and obtain possession of, the property, to the extent permitted by applicable nonbankruptcy law.

☐ e. If a creditor with a senior lien on the property is granted relief from stay, creditor may file and serve a certificate identifying the senior lienholder and a proposed order terminating the stay, which the court may grant without further notice or hearing.

☐ f. Creditor is granted relief from stay to _____
_____.

☐ g. Creditor is granted in rem relief from stay with respect to the real property described above and in Exhibit A. This order shall be binding in any other case filed under 11 U.S.C. purporting to affect such real property filed not later than two (2) years after the date of the entry of this order unless the bankruptcy court in the subsequent case grants relief from this order. Any governmental unit that accepts notices of interests or liens in real property must accept a certified copy of this order for indexing and recording.

☐ h. Creditor is granted relief from the codebtor stay, as it applies to the codebtor(s) named in the caption above, to enforce the terms of the contract and collect the deficiency balance.

☐ i. [Chapters 12 and 13 only] All disbursements by the trustee to the creditor pursuant to the plan on account of creditor's secured claim (claim no. _____) against the property must cease. Debtor(s) and creditor have agreed to this modification of the plan, and formal notice of this plan modification is not required because there is no negative effect on any nonconsenting creditor; the undersigned certifies receipt of written confirmation that debtor(s) has no objection to this paragraph.

☐ 5. **Stay Relief with Cure Opportunity**. Upon default in the checked condition(s) in paragraphs 1 - 3, creditor must serve written notice of default on ☐ debtor(s) and ☐ attorney for debtor(s) that gives debtor(s) _____ calendar days after the mailing of the notice to cure the default. If debtor(s) fails to cure the default in accordance with this paragraph, then creditor shall be entitled to submit a proposed order terminating the stay, which the court may grant without further notice or hearing.

☐ a. The notice of default may require that debtor(s) make any payment that becomes due between the date the notice of default is mailed and before the cure deadline.

☐ b. The notice of default may require debtor(s) to pay $_____ for the fees and costs of sending the notice.

☐ c. Only _____ notices of default and opportunity to cure are required per ☐ year (calculated from date of entry of this order), ☐ during the remainder of this case, or ☐ (describe):

☐ 6. **Amended Proof of Claim**. Creditor must file an amended proof of claim to recover all accrued post-petition attorney fees and costs and (describe):

☐ 7. **Miscellaneous Provisions**.

☐ a. If creditor is granted relief from stay, the 14-day stay provided by FRBP 4001(a) is waived.

☐ b. Any notice that creditor's counsel must give to debtor(s)/codebtor(s), or attorney for debtor(s)/codebtor(s), pursuant to this order will not be construed as a communication under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.

☐ 8. A final hearing on creditor's motion for relief from stay will be held on _____ at _____ in _____.

☒ 9. Other:
**\*U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust**

###

Presented and certified by:

 /s/ Michael S. Scott_____

It is so stipulated.

| Creditor's Attorney: | Debtor(s)'s Attorney: |
|---|---|
| _____ | _____ |
| Name: _____ | Name: _____ |
| OSB#: _____ | OSB#: _____ _____ |
| | |
| No objection to order by case trustee. | Codebtor's Attorney: |
| By: _____ | _____ |
| | Name: _____ |
| | OSB #: _____ |

**720.90 (12/1/2018)**          Page 5 of 5

# ADDENDUM A
# TO
# DEED OF TRUST

## Description of Property

PARCEL 1:

BEGINNING at the Northeast corner of the Southeast quarter of the Northeast quarter of Section 23, Township 5 North, Range 2 West, Willamette Meridian, Columbia County, Oregon;
Thence South along the East line of said Southeast quarter of Northeast quarter a distance of 805 feet;
Thence West parallel with the North line of said Southeast quarter of Northeast quarter a distance of 269 feet;
Thence Northerly 805 feet, more or less, to a point on the North line of said Southeast quarter of Northeast quarter that is West 264 feet from the POINT OF BEGINNING;
Thence East along said North line 264 feet to the POINT OF BEGINNING.

PARCEL 2:
A non-exclusive easement 20 feet in width, 10 feet on each side of the following described centerline:

BEGINNING at a point located on the West line of the Dickinson tract as described in deed recorded April 13, 1994, Fee No. 94-3676, Records of Columbia County, Oregon 115 feet South of the Northwest corner of said Dickinson tract;
Thence running Southeasterly across the "Panhandle Portion of the Dickinson Parcel" (as identified in the Main Easement Agreement) to a point on the West line of Parcel 1 above which is 148 feet South of the Northwest corner of said Parcel 1 above.

PARCEL 3:
A non-exclusive easement over the most Northerly 125 feet of the most Easterly 20 feet of the Robert A. Rasey et ux tract as described in deed recorded September 23, 1993, Fee No. 93-8125, Records of Columbia County, Oregon.