UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re )
) Case No. _____
)
)
) **Notice of Intent**
) **to Abandon**
Debtor(s) )

1. The trustee proposes, per 11 U.S.C. § 554, to abandon the following estate property:

2. The trustee believes that (check all applicable sections):

   a. Such property is burdensome to the estate.

   b. There is no equity for the estate in such property.

   c. Such property is of inconsequential value to the estate.

3. A brief description of the details relating to the checked sections in paragraph 2 is:

4. The trustee certifies that either (check one):

   a. This is a no-asset case, and an Amended Inventory and Report of Assets will be promptly filed if appropriate; or

   b. Further administration of other assets is still required.

**NOTICE IS GIVEN** that the property described above will be deemed abandoned on the 21st day after the trustee's date below, unless within 16 days of that date, an interested party:

1) files a written objection, setting forth the specific grounds for the objection, with the clerk at 1050 SW 6th Ave. #700, Portland, OR 97204 or 405 E 8th Ave #2600, Eugene OR 97401, and

2) serves the objection on the trustee at _____ .

Date: _____

_____
Trustee

# NOTICE OF INTENT TO ABANDON
(paragraph 3)

Each one of these LLCs owns one or more pieces of real property each of which is subject to various encumbrances. Per the debtor's husband, many of the properties are in some stage of a foreclosure proceeding, with some proceedings having been completed. The debtor's husband has asked the Trustee to take an active role in managing the debtor's interest in these LLCs. However, the bankruptcy estate does not have the funds to retain counsel to seek assumption of the debtor's interest in these LLCs, which are held jointly with her husband. Nor does the bankruptcy estate have funds to litigate the validity of the liens against each of the properties and/or the validity of the subsequent foreclosure proceedings. Nor does the bankruptcy estate have funds to manage or improve those properties as needed. Finally, there is insufficient financial information regarding the properties in each LLC to allow the Trustee's accountant to ascertain the tax consequences that may result from the liquidation of any of the assets held by the LLCs.

This abandonment notice applies to all of the properties described in the debtor's bankruptcy schedules except for the property on Oak Shore Ln., which serves as the debtor's residence, and the property located on Hill Top Rd., which is subject to litigation pending in Utah.