**Lawrence A. Castle, OSB No. 851680**
Counsel for Plaintiff
174 NW Third Ave.
Canby, Oregon 97013
lcastle@web-ster.com
Telephone: (503) 266-9922

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In re

Michelle A. Baron,

Debtor.

Case No. 18-321598-tmb7

DEBTOR OBJECTION TO TRUSTEE'S
INTENTION TO ABANDON PROPERTY
OF THE ESTATE

Hearing Requested

Comes now the Debtor, Michelle A. Baron by and through her Counsel, Lawrence A. Castle, to respond in opposition to the Notice Of Intent To Abandon filed by Kenneth S. Eiler, as Trustee of the debtors' bankruptcy estate as follows:

BACKGROUND

1.    On June 21, 2018 (the "Petition Date"), The Debtor, Michelle A. Baron filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

2.    The debtor holds member interests in the following Limited Liability Companies[1]:

RenX Group, LLC ('RNX'),  RenX Group II, LLC ('RX2'), Turning Leaf Homes, LLC ('TLH'),

---

[1] The debtor's bankruptcy estate holds member interest in the following LLCs:  Turning Leaf Homes, LLC ('TLH') - 50%,
Turning Leaf Homes II, LLC ('TL2') – 50%, Turning Leaf Homes III, LLC ('TL3') – 50%,
RenX Group, LLC ('RNX') – 32%, RenX Group II, LLC (RX2) – 40%,Crimson Investment Group, LLC (CIG) – 50%,
and beneficially through her husband in Fite, LLC ('FITE') – 50%.

Debtor Opposition to Abandonment  - Page 1 of 8

Turning Leaf Homes II, LLC ('TL2), Turning Leaf Homes III, LLC ('TL3'),

Crimson Investment Group, LLC ('CIG'), and beneficially in Fite, LLC ('Fite'). The LLCs hold

the title to single-family homes and are the subject of the Trustee's Intent to Abandon.

## TRUSTEE'S NOTICE OF INTENT TO ABANDON

3.    On 11/18/2019 the trustee, pursuant to 11 U.S.C. § 554 issued a Notice of Intent to Abandon

the following property of the estate:  The debtor's interest in the following six limited liability

companies, together with the real property titled and held in the respective LLCs:

RenX Group, LLC, ('RNX'), RenX Group II, LLC, ('RX2'), Turning Leaf Homes, LLC, ('TLH'),

Turning Leaf Homes II, LLC, ('TL2'), Turning Leaf Homes III, LLC, ('TL3'), and

Crimson Investment Group, LLC, ('CIG').

4.    Paragraph 3 (page 3) of the Notice of Intent to Abandon, (Doc 92) states:

"Each of these LLCs owns one or more pieces of real property each of which is subject to various encumbrances.  Per the debtor's husband, many of the properties are in some stage of a foreclosure proceeding, with some proceeding having been completed.  The debtor's husband has asked the Trustee to take an active role in managing the debtor's interest in these LLCs.  However, the bankruptcy estate does not have the funds to retain counsel to seek assumption of the debtor's interest in the LLCs, which are held jointly with her husband.  Nor does the bankruptcy estate have funds to litigate the validity of the liens against each of the properties and/or the validity of the subsequent foreclosure proceedings.  Nor does the bankruptcy estate have funds to manage or improve those properties as needed.  Finally, there is insufficient financial information regarding the properties in each LLC to allow the Trustee's accountant to ascertain the tax consequences that may result from the liquidation of any of the assets held by the LLCs.

This abandonment notice applies to all of the properties described in the debtor's bankruptcy schedules except for the property on Oak Shore Ln., which serves as the debtor's residence, and the property located on Hill Top Rd., which is subject to litigation pending in Utah."

## DEBTOR OPPOSES ABANDONMENT AT THIS TIME

5.    The debtor doesn't agree with the trustee's unstated conclusion that there isn't sufficient value

in the properties to overcome the hurdles of funding and financial information, however, she does

Debtor Opposition to Abandonment  - Page 2 of 8

Lawrence A. Castle
Attorney at Law
174 NW Third Ave., Canby, OR 97013
lcastle@web-ster.com Telephone: (503) 266-9922

not dispute the present dearth of liquidity. The debtor does not believe the trustee is motivated at this time to do anything other than to monitor the continued diminishment of the debtor's estate.

6.     The laissez-faire administration by the trustee of the debtors' bankruptcy estate is not benefiting the creditors of the estate contrary to bankruptcy policy. The trustee ignores numerous communications from the debtors' husband in the effort to harvest equity in the property holdings. The trustee has stated the properties are either burdensome to the estate or have no value. While there is some 'burden', to market and sell a property, or to strip liens, this does not meet the definition that 'Such property is burdensome to the estate.'. Nor does the assertion that 'There is no equity for the estate in such property.'. The debtors' LLCs acquired both the property and the property rights when they purchased the properties of Oregon bankruptcy estates from that estate's trustee. The bottom line is that there is far more equity in the remaining properties of the estate by a factor of 1,000%[2], notwithstanding the properties that have been foreclosed, with many of those foreclosures in violation of the automatic stay in the debtor's bankruptcy case.

7.     The debtor opposes abandonment and takes the position the Trustee's decision to abandon the assets comprised of her LLC's interests is not in the best interest of her estate.

"The overarching purpose of Chapter 7 [is] to ensure the orderly liquidation of the debtor's estate and equal treatment of creditors within each class. It is the trustee's responsibility to do so." Under the oversight of the Office of the United States Trustee, the Chapter 7 trustee has the responsibility to properly administer and distribute property of the estate to the debtor and other parties entitled to receive such property. *In re Alaska Fishing Adventure, LLC*, 594 B.R. 883, 889 (Bankr. D. Alaska 2018).

Debtors Bankruptcy Estate Holdings

8.     The debtor's LLC entities acquired title to approximately 100 single-family homes in the timeframe beginning in the fall of 2012 and ending by the spring of 2016. Approximately 75 of the

---

[2] On average, the value per property is the price paid to the bankruptcy estate multiplied by a 1,000 percent, or multiplied by 100. Therefore a 10,000 acquisition is at least $10,000 x 100 = $1,000,000 of value to the estate.

Debtor Opposition to Abandonment  - Page 3 of 8

Lawrence A. Castle
Attorney at Law
174 NW Third Ave., Canby, OR 97013
lcastle@web-ster.com Telephone: (503) 266-9922

100 houses came from Chapter 7 bankruptcy estates through their respective trustee's sales held under 11 U.S.C. § 363. Debtor's LLC entities are Bona Fide Purchaser's ('BFP') for value, in each sale, the creditors were noticed and a hearing was held for objections, with an order of the court after the objections were heard. The issues at hand, in this case, relate not to the courts' jurisdiction or error of the judiciary, but stem from 1) how the sale was structured, and 2) transaction disclosure and associated required closing documents pursuant to RESPA (Real Estate Settlement Procedures Act) requirements.

9. The property located at 1701 Oak Shore Ln was purchased by debtor's LLC RenX Group out the bankruptcy estate case #14-32100-RLD7 is used as an example to illustrate with some particularity the purchase transaction, that conveys title and is representative of the approximately 75 acquisitions of the LLCs from the trustee's. The following transaction documents[3] attached hereto and incorporated herein as Exhibits 1 – 5: Notice of Intent to Sell, Homestead Waiver, Settlement Agreement, Trustee Deed, and Sales Report which are all of the documents pertaining to the transaction in this case.

10. The sales process generally described: The Trustee sells all of the Rights, Title and Interest held by the Debtor, the Estate and the Trustee in the property to the purchasing LLC after providing Notice to all creditors of the estate, and after the LLCs manager purchases the Waiver of Homestead Exemption from the debtors, and then provides the Homestead Waiver to the Trustee

---

[3] The documents include:
1) Notice Of Intent To Sell Property at Private Sale, Compensate Real Estate Broker, and/or Pay any Secured Creditor's Fees. ('Notice of Intent to Sell'), 2) Waiver Of Homestead Exemption ('Homestead Waiver'),
3) Trustee Settlement Agreement ('Settlement Agreement'),
4) Title Recording cover sheet and Trustee's deed. ('Trustee Deed'), and
5) The Trustee's Report Of Sale Pursuant To BR 6004 ('Sales Report').

Debtor Opposition to Abandonment  - Page 4 of 8

Lawrence A. Castle
Attorney at Law
174 NW Third Ave., Canby, OR 97013
lcastle@web-ster.com Telephone: (503) 266-9922

along with payment for the property upon executing the Agreement to obtain the Trustee Deed.

The final step is for the trustee to file the report of sale.

(a)     Notice of Intent to Sell:

(b)     An offer has been received by the trustee from RNX…to purchase the following estate property:  Real property located at 1701…  Buyer will purchase real property, subject to all liens and interests of any lien holders, and Trustee will transfer all rights, titles, interests, and claims by the Trustee's Deed.  Debtors have agreed to waive their homestead exemption in exchange for a separate payment by Buyer.

(c)     Waiver Of Homestead Exemption:  We are signing this waiver of homestead exemption for the purpose of expressly releasing and waiving all our rights under the homestead exemption laws of the State of Oregon as to all debts secured by a mortgage or deed of trust related to the real property located at…

(d)     Trustee Settlement Agreement:  RNX to acquire the Estate's interest in the Real Property, subject to…   …The Trustee shall execute and deliver to RNX a Trustee's Deed for the Real Property.  The Trustee's Deed, shall transfer all of the Trustee's rights, title, interest, and claims in the Real Property, "as is, where is," with no representations or warranties and subject to all valid underlying liens and incorporated herein.

(e)     Trustee's Deed: …and assigns all of the interest, if any, vested in the subject property described herein at the time of the filing of the above-referenced bankruptcy case…together with all after acquired title of the Bankruptcy Estate, if any, all tenements, appurtenances thereunto belonging…  DESCRIBED AS FOLLOWS:  REAL PROPERTY LOCATED AT 1701 SE Oakshore Lane, Milwaukie, Oregon 97267…  Grantor covenants that this deed is to be absolute…

The Trustee's power and authority to dispose of such property of the Bankruptcy Estate originates in 11 U.S.C. § 363, and this transfer is made following notice to "interested persons" and opportunity for hearing pursuant to such law.

11.     The 363 Sales process just described do not meet Oregon State requirements and deficient as follows:

(a)     The distribution of the sale proceeds by the trustee on behalf of the bankruptcy estate must attach to the liens when the property is sold, yet we cannot find any evidence that any of the sale proceeds attached to the lien as expected.

Debtor Opposition to Abandonment  - Page 5 of 8

Lawrence A. Castle
Attorney at Law
174 NW Third Ave., Canby, OR 97013
lcastle@web-ster.com Telephone: (503) 266-9922

(b)     The Waiver of Homestead Exemption was necessary to protect the sales proceeds from that estate's debtor claiming funds up to their homestead exemption but the consideration paid for the exemption outside of bankruptcy is not disclosed in the (missing) closing statements.

(c)     The required Financing Statement also is known as a HUD-1 closing statement is missing as it wasn't produced for any of the sales.  The debtor believes the failure to file the Financing Statement causes the secured creditor's liens to become void or unperfected, clouding the title chain with the newly recorded title.

(d)     Fourthly, the trustee's 363 sales transactions are devoid of guidance.

12.   The bankruptcy trustees sold to the debtor's LLC everything that they had the authority to convey in the sale of the property, which is everything, with all of the trustee's rights, title and interest in the property (the rights) and all of the estates rights title and interest in the property, (the collateral)  that together, conveyed all of the legal ownership[5] in the property to the purchasing LLC entity as a bona fide purchaser for value without notice.

13.   The debtor takes the position the property was sold free and clear of the liens.  Or, in the alternative, the sale proceeds were allocated properly with zero dollars going to the secured lien creditor(s) of the property thereby clouding the title that the trustee can strip off the unperfected liens from within the debtors' bankruptcy.

14.   The debtor believes the trustee should have known of the defects discussed above and that the property titles are clouded, which in turn contributes greatly to the debtor's inability to settle the

---

[5] All of the legal ownership is alternatively stated as conveying both the collateral, and the trustee's rights in the collateral.

Debtor Opposition to Abandonment  - Page 6 of 8

Lawrence A. Castle
Attorney at Law
174 NW Third Ave., Canby, OR 97013
lcastle@web-ster.com Telephone: (503) 266-9922

properties and why the debtor couldn't reach plan approval in any of their failed chapter 11 proceedings.

15.    "Abandonment should not be ordered where the benefit of administering the asset exceeds the cost of doing so." K.C. Mach., 816 F.2d at 246." *In re Selander*, Case No. 16-43505, at *6 (Bankr. W.D. Wash. Mar. 24, 2017)

16.    Abandonment is ordinarily not available where the administration of an asset promises some benefit to the estate. In the Ninth Circuit, there is no per se rule prohibiting the sale of fully encumbered property when the sale provides for a carve-out for the benefit of the chapter 7 estate from that creditor's collateral. Instead, the Ninth Circuit Bankruptcy Appellate Panel (BAP) has indicated that there is a rebuttable presumption of impropriety for the sale of fully-encumbered estate property.  In re KVN Corp., 514 B.R. 1, 6-7 (9th Cir. BAP 2014).  To rebut the presumption, a trustee must show that his or her basic duties have been fulfilled, there is a prospect for a meaningful distribution to unsecured creditors and the terms of the carve-out agreement have been fully disclosed to the bankruptcy court. KVN Corp., 514 B.R. at 6-7.  Abandonment pursuant to § 554(b) is therefore generally reserved for instances where a trustee is merely churning property worthless to the estate just to increase fees.

In re Viet Vu, 245 B.R. 644, 647 (9th Cir. BAP 2000); K.C. Mach., 816 F.2d at 246.

17.    The totality of the situation should necessarily result in a review of the debtors' property holdings by this court as a starting point.  The automatic stay in effect should act as a moratorium on foreclosures.

Lawrence A. Castle
Attorney at Law
174 NW Third Ave., Canby, OR 97013
lcastle@web-ster.com Telephone: (503) 266-9922

| 1 |

| 2 |

| 3 |

| 4 |

| 5 |

**WHEREFORE**, the Debtors respectfully request that the Court grant a hearing on the matter, staying the trustee's abandonment of the debtors' LLC's assets, granting the relief requested and any such further relief as may be just and necessary.

Dated: December 4, 2019,

/s/ Lawrence A. Castle      851680
Attorney for the Debtor      OSB #

Lawrence A. Castle
Attorney at Law
174 NW Third Ave., Canby, OR 97013
lcastle@web-ster.com Telephone: (503) 266-9922