UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re

_____

Debtor(s)

Case No. _____

☐ Amended

**NOTICE OF INTENT TO SELL REAL OR PERSONAL PROPERTY, COMPENSATE REAL ESTATE BROKER, AND/OR PAY ANY SECURED CREDITOR'S FEES AND COSTS; MOTION FOR AUTHORITY TO SELL PROPERTY FREE AND CLEAR OF LIENS; AND NOTICE OF HEARING**
(Note: Do not use to sell personally identifiable information about individuals.)

**NOTICE IS GIVEN** that _____, the _____ (debtor, trustee, etc.), intends to sell the property described below and moves for authority to sell the property free and clear of liens under 11 U.S.C. § 363(f) and the guidelines set forth in Local Bankruptcy Form 363, *Procedures re: Motions for Sale of All or Substantially All Assets*. The movant's name, address, and phone number are:

_____
_____

If you wish to object to any aspect of the sale or fees disclosed in paragraph 7 or 15, you must:

1. Attend the hearing set in paragraph 16 below; and

2. Within 21 days after the later of the date next to the signature below or the service date in paragraph 17 below, file with the clerk at 1050 SW 6th Ave. #700, Portland OR 97204 or 405 E 8th Ave. #2600, Eugene OR 97401:

    a. a written objection stating the specific facts upon which the objection is based, and

    b. a certificate of service of the objection on the movant.

This document constitutes the notice required by Local Bankruptcy Rule (LBR) 2002-1. All sections must be completed.

1. The specific subsections of 11 U.S.C. § 363(f) movant relies on for authority to sell the property free and clear of liens are:

**760.5 (12/1/2019)**          Page 1 of 4

2. Buyer's name & relation to debtor:

3. General description of the property (if real property, state street address here. Also attach legal description as an exhibit to the notice filed with the court):

4. A copy of the full property description or inventory may be examined or obtained at:

5. The property may be previewed at (include time and place):

6. Other parties to the transaction and their relationship to the debtor are:

7. The gross sale price is: $ _____.

   All liens on the property total $ _____, of which movant believes a total of $ _____ need not be paid as secured claims (because the lien is invalid, avoidable, etc., the lienholder consents to less than full payment, or part or all of the underlying debt is not allowable).

   Secured creditor(s) also seek(s) reimbursement of $ _____ for fees and costs.

   Total sales costs will be: $ _____.

   All tax consequences have been considered, and it presently appears that the sale will result in net proceeds to the estate after payment of valid liens, fees, costs, and taxes of approximately: $ _____.

8. The sale ___ is ___ is not (mark one) of substantially all of the debtor's assets. Terms and conditions of sale:

9. Competing bids must be submitted to the movant no later than _____ and must exceed the above offer by at least _____ and be on the same or more favorable terms to the estate.

10. Summary of all available information regarding valuation, including any independent appraisals:

11. If paragraph 7 indicates little or no equity for the estate, the reason for the sale is:

    and expenses and taxes resulting from the sale will be paid as follows:

12. (Chapter 11 cases only) The reason for proposing the sale before confirmation of a plan of reorganization is:

13. The following information relates to lienholders (who are listed in priority order):

| Name | Service Address (See FRBP 7004) | Approx. Lien Amount | Indicate Treatment at Closing (Fully Paid, Partially Paid, or Not Paid.) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

14. Any liens not fully paid at closing will attach to the sale proceeds in the same order of priority they attach to the property. Any proceeds remaining after paying liens, expenses, taxes, commissions, fees, costs, or other charges as provided in this motion, must be held in trust until the court orders payment.

15. (If real property) The court appointed real estate broker, _____, will be paid _____.

**760.5 (12/1/2019)**          Page 3 of 4

16. A hearing on this motion and any objections to the sale or fees is scheduled as follows:
    **Date:** _____ **Time:** _____ **Location:** _____

    Testimony will be received if offered and admissible. If no timely objection is filed, the hearing may be canceled and an order submitted. Parties are encouraged to check the hearing calendar at https://www.orb.uscourts.gov after the objection deadline has passed.

17. I certify that on _____ this document was served, under FRBP 7004, on the debtor(s), trustee (if any), U.S. Trustee, each named lienholder at the address listed above, the creditors' committee chairperson (if any), and their attorneys; and (unless movant is a chapter 7 trustee) that it was also sent on that date, pursuant to FRBP 2002(a), to all creditors and all parties as listed in the court's records that were obtained on _____, a copy of which is attached to the document filed with the court.

18. For further information, contact: _____

_____          _____
Date                             Signature & Relation to Movant

                                 _____
                                 Debtor's Taxpayer ID#(s) (last 4 digits)
                                 (If debtor is movant)

**LEGAL DESCRIPTION**

Parcel I:
A tract of land situated in the Northeast one-quarter of the Northwest one-quarter of Section 20, Township 2 South, Range 1 East of the Willamette Meridian, in the City of Lake Oswego, County of Clackamas and State of Oregon, more particularly described as follows:
Beginning at the Southeast corner of the plat of Canal Acres, in a Southerly line of Lot 10, Westridge Estates and the Northeast corner of that tract of land conveyed to Donald R. Olson and Doris P. Olson by Deed recorded January 9,1970 as Recording No. 70000515, records of Clackamas County; thence South along the Easterly line of said Olson tract, a distance of 264.89 feet (for deed bearings and distances see Recording No. 75027675) to the Northeast corner of that tract of land conveyed to Rivergrove Water District by Deed recorded September 25,1975 as Recording No. 75027675, records of Clackamas County; thence North 78°02'30" West, along the Northerly line of said tract, a distance of 226.90 feet to the Northwest corner of said tract in the Westerly line of said Olson tract, described in Recording No. 70000515; thence North along the Westerly line of said Olson tract, a distance of 219 feet to an angle corner in the Southerly line of Lot 4, Westridge No. 4; thence North 89°59'24" East, along the Southerly line of Lot 4, Westridge No. 4 and continuing along the Southerly lines of Lot 11 and Lot 10, Westridge Estates, a distance of 221.01 feet to the point of beginning.
And also a tract of land situated in the Northwest one-quarter of the Northeast one-quarter of Section 20, Township 2 South, Range 1 East of the Willamette Meridian, in the City of Lake Oswego, County of Clackamas and State of Oregon, being a portion of Hill Top Road contained in the City of Lake Oswego Vacation Ordinance No. 1668, recorded August 10,1977 as Recording No. 77031823 records of Clackamas County, and being that certain tract of land conveyed to Donald R. Olson and Doris P. Olson by Deed recorded November 28,1977 as Recording No. 77048502 records of Clackamas County, more particularly described as follows:
Beginning at an iron rod at the Northeast corner of that certain tract conveyed to Donald R. Olson et ux, by Deed recorded January 9,1970 as Recording No. 70000515, records of Clackamas County, said point being on the West line of Sunnyslope; thence North 89°29'15" East, a distance of 20.0 feet to an iron rod; thence South 00°46'49" East, a distance of 193.48 feet to an iron rod; thence North 89°46'59" West a distance of 20.00 feet to an iron rod; thence North 00°46'49" West, to the point of beginning.

Parcel II:
A tract of land situated in the Northeast one-quarter of the Northwest one-quarter of Section 20, Township 2 South, Range 1 East of the Willamette Meridian, in the City of Lake Oswego, County of Clackamas and State of Oregon, more particularly described as follows:
Beginning at the Northeast corner of the plat of Apple Blossom Hill, in the Southerly line of Lot 4, Westridge No. 4; thence along the Easterly line of said Apple Blossom Hill, the following courses (plat bearings and distances): South 0°29'30" east, a distance of 118.00 feet, South 61°43'30" West, a distance of 59.07 feet, Southerly on the arc of a 30.00 foot radius curve to the right through a central angle of 80°44' (chord bears South 12°15'30" West a distance of 64.77 feet) a distance of 70.45 feet, and South 0°29,30" East, a distance of 10.00 feet to the Northwest corner of that tract of land conveyed to Donald R. Olson and Doris P. Olson by Deed recorded February 9,1970 as Recording No. 70002655, records of Clackamas County; thence along the Northerly line of said tract, North 89°30'30" East, a distance of 125.00 feet (Deed bearing and distance) to the Northeast corner of said tract in the Westerly line of that tract of land conveyed to Donald R. Olson and Doris P. Olson by Deed recorded January 9,1970 as Recording No. 70000515, records of Clackamas County; thence North, along the Westerly line of said tract a distance of 219 feet to an angle corner in the Southerly line of said Lot 4, Westridge No. 4: thence South 89°17'35" West (plat bearing) along said Southerly line of Lot 4, a distance of 58.50 feet to the point of beginning.

# TELEPHONE HEARING INSTRUCTIONS

To participate in the telephone hearing, dial the Toll Free Call in Number **888-684-8852** and enter the seven digit Access Code **4950985 followed by the "#" key**. You may be placed on hold until the courtroom deputy activates the conference call, or you may hear others speaking. Another hearing may be in progress; do not announce your presence until the courtroom deputy takes roll call or your hearing is called.

Due to the unavailability of the courtroom deputy prior to hearings, last minute requests are difficult to accommodate and are discouraged.

If you have problems connecting or the courtroom deputy does not activate the call within 5 minutes after your scheduled hearing time, hang up and call the court at: **Portland (503) 326-1500.**

# TELEPHONE HEARING REQUIREMENTS

- You must call in and connect to the telephone hearing line or personally appear in the judge's courtroom no later than your scheduled hearing time. The court will not call you.

- You may be asked to call again from another phone if your connection is weak or creates static or disruptive noise.

- Please mute your phone when you are not speaking. If you do not have a mute function on your phone, press *6 to mute and *6 again to unmute if you need to speak. Do not put the court on hold if it will result in music or other noise. If available, set the phone to "Do Not Disturb" so it will not ring during the hearing.

- When it is time for you to speak, take your phone off the "speaker" option or headset to minimize background noise and improve sound quality. Position the telephone to minimize paper rustling. Do not use a keyboard or talk with others in the room. Be aware that telephone hearings may be amplified throughout the courtroom.

- Do not announce your presence until the court calls your case. Simply stay on the line, even if there is only silence, until the judge starts the hearings, and then continue to listen quietly until your case is called.

- Whenever speaking, first identify yourself. When the court calls your case, it is helpful if the moving party speaks first to avoid multiple parties speaking at the same time.

- Be on time. The judge may handle late calls the same as a late appearance in the courtroom.